UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FRANCISCO PEREZ ABREU; OLGA FELIX ANCONA AND THEIR LEGAL CONJUGAL PARTNERSHIP<br><br>PLAINTIFFS<br><br>VS.<br><br>METROPOL HATO REY, LLC & RESTAURANT METROPOL 3, INC.<br><br>DEFENDANTS | CIVIL NO.<br><br><br><br>RETALIATION UNDER ADEA, TORTS |

COMPLAINT

TO THE HONORABLE COURT:

COMES NOW, FRANCISCO PEREZ ABREU; OLGA FELIX ANCONA O AND THEIR LEGAL CONJUGAL PARTNERSHIP, through the undersigned attorney, who respectfully requests and prays as follows:

**Jurisdiction and venue**

1. This Honorable Court has jurisdiction pursuant to the Age Discrimination in Employment Act (ADEA), 29 USC 621; and 28 USC 1331.
2. Venue is proper as the acts contained in the complaint occurred within the District of Puerto Rico.

**Parties**

3. Francisco Pérez; Olga Feliz Ancona and their conjugal partnership, are of legal age, married and resident of Calle Fernando Garcia Ledesma 623, Urb. Villa Navarra, San Juan, PR.

4. Metropol Hato Rey, LLC is a domestic limited liability company, which owned and operated the restaurant known as Metropol which was located in 124 FD. Roosevelt Avenue, San Juan PR.

5. Restaurant Metropol 3, Inc is a domestic corporation which owns and operates the restaurant known as Metropol which is located in 246 FD Roosevelt Ave. San Juan, PR.

**Facts**

6. Plaintiff Francisco Pérez was born on November 25, 1956.

7. Plaintiff Francisco Pérez was a full-time employee of Restaurant Metropol 3, Inc from 1988 through December 21, 2013.

8. On December 20, 2013 plaintiff received a letter from his employer whereby his was informed along with the rest of the employees, that the Restaurant would close on December 22, 2013. The communication also informed that staring December 26, 2013, the Restaurant would re-open in its new location, 246 FD Roosevelt Ave. San Juan, PR. As part of the relocation, the employer would change names as part of a reorganization from Restaurant Metropol 3, Inc to Metropol Hato Rey LLC.  Not

   withstanding the corporate reorganization, the employees would receive complete credit for the time of service with the named entity.

9. From December 2013 to to present day Francisco Pérez works for Metropol Hato Rey, LLC.

10. Restaurant Metropol 3, Inc, transferred its assets to Metropol Hato Rey LLC, as part of the change relocation of the Restaurant. At all times, all employees as part of the reorganization of the restaurant maintained their positions within the company.

11. In the year 2010, Restaurant Metropol 3, Inc unilaterally reduced Mr. Francisco Pérez weekly hours from 40 pus down to 35 hours.

12. As part of the change, younger employees where given more hours. As a result in the reduction in hours a Mr. Francisco Pérez income decreased, not only did he had a reduction in fixed income from hourly rates, also a reduction in income derived from tips.

13. The reorganization performed by defendant was done based solely on the age of plaintiff, as he and other age protected employees suffered a reduction in hours in favor of younger and less senior employees. As the restaurant stated, the younger employees are the future.

14. Prior to the restaurant changing locations in Hato Rey in 2013, Mr. Francisco Pérez was assigned a specific working station which consisted of at least 5 tables with a capacity of at least 20 clients. After the change in location, Mr. Pérez was not assigned a specific working station, thus served tables on a as needed basis. This change dramatically decreased the amount of tables and clients Mr. Pérez could serve in any given day. The reason for this change was purely done based on the age of plaintiff, in favor a younger employees. As a result of the decrease in tables, plaintiffs have suffered a reduction in income derived from tips.

15. Mr Francisco Pérez maintained a 35 hour work week up until march of 2018 when he was again reinstated his full 40 hours work week.

First Cause of Action

16. Plaintiffs incorporates by reference the averments contained in the preceding paragraphs.

17. Due to the ADEA violations set forth in the complaint, plaintiffs request back pay staring on the year 2010, when defendant willfully and discriminatorily decreased Mr. Francisco Pérez hourly work weeks from 40 hours to 35 hours.

18. As a result of the defendants willful age discrimination plaintiffs seek compensation of economic damages, back pay, in an amount no less than $20,000.00.

## Second Cause of Action

19. Plaintiffs incorporates by reference the averments contained in the preceding paragraphs.

20. Plaintiffs invoke the Court's supplemental jurisdiction so as to assert claims under Puerto Rico Law # 100, 29 LPRA 146 et seq.

21. Due to defendants willful age discrimination actions towards Mr. Francisco Pérez, plaintiffs request double compensation of back pay.

## Third Cause of Action

22. Plaintiffs incorporates by reference the averments contained in the preceding paragraphs.

23. Plaintiffs invoke the Court's supplemental jurisdiction so as to assert claims under Article 1802 and 1803 off the Puerto Rico Civil Code.

24. Due to defendants willful age discrimination actions, Mr. Francisco Pérez, plaintiffs have suffered emotional distress and mental suffering. Plaintiffs seek compensation in an amount no less than $50,000.00.

## Fourth Cause of Action

25. Plaintiffs incorporates by reference the averments contained in the preceding paragraphs.

26. Plaintiffs seek reasonable attorneys fees in the prosecution of its case.

WHEREFORE plaintiffs respectfully requests that this Honorable Court enter judgment in their favor as follows:

A. Order defendants remedy plaintiffs for the lost earnings, backpay, in an amount no less than $20,000.00;

B. Indemnify plaintiffs for their emotional distress and mental suffering in an amount no less than $50,000.00;

C. Enter judgment doubling lost earnings and future earnings as per state law;

It is hereby certified that the foregoing motion was filed with the Clerk of the Court and notified to the parties, via the CM/ECF system of the Court.

Respectfully Submitted in San Juan, Puerto Rico, this 13th of November of 2018.

S/Javier A Rivera-Vaquer
USDC-PR No. 225809

JOSE A RIVERA-CORDERO
JAVIER A RIVERA-VAQUER
PO BOX 192376
SAN JUAN, PR 00919-2376
TEL (787) 759-3634
FAX (787) 200-9572
EMAIL:rimerico@gmail.com