IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**Francisco Perez-Abreu, et al.,**

  Plaintiffs,

    v.

**Metropol Hato Rey, LLC, et al.,**

  Defendants.

Civil No. 18-1865 (PG)

## OPINION AND ORDER

On November 13, 2018, Plaintiffs Francisco Perez-Abreu, his wife Olga Felix-Ancona, and the conjugal partnership Perez-Felix (collectively, "Plaintiffs") filed this employment discrimination suit against Metropol Hato Rey, LLC, and Restaurant Metropol 3, Inc. ("Defendants").[1] The complaint asserts claims under the Age Discrimination in Employment Act, also known as "ADEA," 29 U.S.C. § 621 et seq., and Puerto Rico law.[2] Docket No. 1. Having been served and before answering the complaint, Defendants move to dismiss all claims under Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. Docket No. 11.

After a review of Defendants' motion, the court ordered Plaintiffs to show cause as to why their claims should not be dismissed for the reasons stated by Defendants. Docket No. 12. At that time, the court granted Plaintiffs leave to amend the complaint by April 12, 2019 to assert their claims with more specificity and cure any material pleading deficiencies.

---

[1] The complaint alleges that Restaurant Metropol 3 was the corporation that owned and operated the restaurant known as "Metropol" in Hato Rey, San Juan, Puerto Rico, until its reorganization and relocation in December of 2013. Docket No. 1 ¶¶ 4-8.

[2] Specifically, Plaintiffs assert an age discrimination claim under Law 100, P.R. Laws Ann. tit. 29, § 146 et seq., based on the same facts alleged in support of the ADEA claim. In addition, they assert tort claims under Articles 1802 and 1803 of Puerto Rico's Civil Code, P.R. Laws Ann. tit. 31, §§ 5141 and 5142. Docket No. 1 pp. 5-6.

Plaintiffs filed their motion in compliance with the show cause order but never amended the complaint. Docket No. 13.

## The Motion to Dismiss

Mainly, Defendants argue that Plaintiff Perez failed to exhaust administrative remedies on his ADEA claims based on the alleged discriminatory actions taken against him in scheduling and table assignments, both of which supposedly provoked a loss of Perez's income. Docket No. 11 at pp. 5-9. Defendants contend that Perez neither filed a discrimination charge with the EEOC (or the "ADU")[3] within 300 days of these alleged actions, nor obtained a right-to-sue letter from the corresponding agency prior to filing suit. Accordingly, they ask the court to dismiss the ADEA claims on failure to exhaust grounds. Alternatively, Defendants posit that the complaint fails to state plausible ADEA claims, and therefore, subject to dismissal under Rule 12(b)(6). Finally, Defendants raise several bases for dismissal of the claims brought under Puerto Rico law,[4] which the court does not reach for the reasons explained infra.

## I.   STANDARD OF REVIEW

Motions to dismiss brought under Rule 12(b)(1) and 12(b)(6) are subject to the same standard of review. Negrón–Gaztambide v. Hernández–Torres, 35 F.3d 25, 27 (1st Cir. 1994). "When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's

---

[3] "EEOC" is short for "Equal Employment Opportunity Commission," and "ADU" is the English acronym for the Antidiscrimination Unit of the Puerto Rico Department of Labor.

[4] Id. pp. 13-17 (arguing that **(a)** Plaintiffs failed to state a plausible claim under Law 100; **(b)** both ADEA and Law 100, as special labor laws, "preempt" Perez's Articles 1802 and 1803 claims; **(c)** Article 1802 derivative claim brought by Perez's wife should be dismissed if the employment discrimination claims are dismissed, and that she is not entitled to compensatory damages for emotional distress based on the alleged adverse employment actions taken against Perez because of his age; and **(d)** the court should decline to exercise supplemental jurisdiction over the state law claims in the absence of any actionable federal claim).

favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Hosp. Bella Vista, 254 F.3d at 363). See also De Leon v. Vornado Montehiedra Acquisition L.P., 166 F. Supp. 3d 171, 173 (D.P.R. 2016) (quoting Aversa v. United States, 99 F.3d 1200, 1210 (1st Cir. 1996)) (courts may also consider whatever evidence has been submitted, including depositions and exhibits). The party invoking the jurisdiction of a federal court bears the burden of proving its existence. Gordo-Gonzalez v. United States, 873 F.3d 32, 35 (1st Cir. 2017) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). See also United States v. Lahey Clinic Hosp., Inc., 399 F.3d 1, 8 n. 6 (1st Cir. 2005) (citing Deniz v. Municipality of Guaynabo, 285 F.3d 142 (1st Cir. 2002); Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275 (1st Cir. 1999)) (noting that "[f]ailure to exhaust administrative remedies and ripeness challenges may be appropriate in a motion to dismiss for lack of subject matter jurisdiction").[5]

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails to state a claim upon which relief could be granted. "To avoid dismissal, a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Garcia-Catalan v. United States, 734 F.3d 100, 102 (1st Cir. 2013) (quoting FED. R. CIV. P. 8(a)(2)). Even though detailed factual allegations are not necessary for a complaint to survive a motion to dismiss, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Those nonconclusory factual allegations that the court accepts as true must

---

[5] This does not necessarily mean that ADEA's administrative exhaustion requirement is jurisdictional. See Tapia-Tapia v. Potter, 322 F. 3d 742, 744 (1st Cir. 2003) (noting that "[c]ompliance with this administrative protocol is a precondition to suit in most cases[,]" subject to exceptions, and "such compliance must occur before a federal court may entertain a suit that seeks recovery for an alleged violation of the ADEA").

be sufficient to give the claim facial plausibility. Quiros v. Munoz, 670 F. Supp. 2d 130, 132 (D.P.R. 2009). "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). With this in mind, the court turns to the facts alleged in the complaint.

## II. DISCUSSION

### The Facts

Plaintiff Perez is over 40-years old. From 1988 to December 21, 2013, he worked for Defendant Metropol 3 on a full-time basis. On December 20, 2013, Defendant informed Plaintiff and the other employees that the restaurant would undergo a reorganization, relocate and re-open its doors on December 26, 2013, under the name "Metropol Hato Rey, LLC."[6] Docket No. 1 ¶¶ 6-10.

The amended complaint alleges two discrete acts of age-based discrimination. The first one occurred back in 2010, when Defendants reduced Plaintiff's workweek to 35 hours.[7] As a result, Perez suffered a reduction in his fixed income and the wages derived from tips. Id. ¶¶ 11-12. He continued to work a 35-hour workweek until March of 2018, when Defendants reestablished his previous 40-hour weekly schedule. Id. ¶ 15. The second action took place after Metropol's reorganization in December of 2013. Perez alleges that after the restaurant relocated, he was not assigned to a specific working station. Instead, he had to serve tables on a need-be basis, [8] and fewer clients, resulting in a loss of wages and tips. Id.

---

[6] The court will refer to both restaurants as "Defendants" without further distinction.

[7] As opposed to his weekly schedule of 40 hours, for which he requests no less than $20,000 for loss of income and, naturally, backpay. Id. ¶¶ 18-21.

[8] Before that reorganization, Perez had an assignment of 5 tables with a capacity for (at least) 20 customers.

¶ 14. Plaintiffs contend that age-based animus motivated the restaurant's 2013 reorganization; or that as part of the process, Defendants favored younger employees in relation to scheduling and table assignments. The complaint hurriedly mentions that other unidentified employees who were age 40 or older, or with more seniority, were also affected. Id. ¶¶ 12-14.

### ADEA's Administrative Exhaustion Requirements

Under ADEA, a plaintiff must file an employment discrimination charge with the EEOC (or the ADU) within 300 days of the alleged discrimination or practice before suing in federal court. 29 U.S.C. § 626(d). See Tapia-Tapia, 322 F. 3d at 744; Gonzalez-Bermudez v. Abbott Laboratories PR Inc., 214 F. Supp. 3d 130, 152 n. 6 (D.P.R. 2016). The charge must generally describe the acts or practices that form the bases of the administrative complaint. Labiosa-Herrera v. Puerto Rico Telephone Company, 153 F. Supp. 3d 541, 547 (D.P.R. 2016) (citing Jorge v. Rumsfel, 404 F.3d 556, 565 (1st Cir. 2005); Powers v. Grinnell Corp., 915 F.2d 34, 38 (1st Cir. 1990)) (discussing administrative exhaustion requirements under ADEA, with attention to content requirements of the factual statement in the EEOC charge). The point is to put the employer on notice of the alleged violations and give the parties an opportunity for conciliation before resorting to federal court. Id. (citing Thornton v. United Parcel Service, Inc., 587 F.3d 27, 32 (1st Cir. 2009)) (noting that the factual statement incorporated in the charge should even alert any alternative or collateral grounds of discrimination that a plaintiff raises for the first time in court).

There are some exceptions to the requirements of exhausting administrative remedies. See, e.g., Tapia-Tapia, 322 F.3d at 745 n. 4 (mentioning equitable tolling exception, among others); Pratt v. Premier Salons, Inc., 67 F. Supp. 3d 520 (D.P.R. 2014)

(recognizing an exception based on the "substantial identity" between respondents in EEOC charge and defendants named in complaint); Calderon v. Unitex, Inc., 885 F. Supp. 2d 539, 542-543 (D.P.R. 2012) (briefly explaining two exceptions known as the "scope of the investigation rule" and the "reasonably related retaliatory claims test"—also called the "Clockedile exception" after Clockedile v. New Hampshire Dept. of Corrections, 245 F.3d 1, 6 (1st Cir. 2001)—but ultimately dismissing plaintiff's disability discrimination claims on failure to exhaust grounds). None of them apply here.

Indeed, Plaintiffs concede that Perez never filed a charge with the EEOC within the time limits the ADEA establishes, and therefore, did not exhaust administrative remedies for the ADEA claims. Docket No. 13 ¶ 6. However, they invoke the "single filing" rule or exception and urge the court to adopt it. Id. (quoting Snell v. Suffolk County, 782 F.2d 1094, 1100 (2d Cir. 1986)) (citing Holowecki v. Fed. Express Corp., 440 F.3d 358 (2nd Cir. 2006)). This exception, which has also come to be known as "piggybacking," would allow Perez to vicariously exhaust his administrative filing responsibilities via another plaintiff's timely-filed administrative complaint. Plaintiffs specifically purport to piggyback on one out of several EEOC-ADU charges filed by Perez's coworker, Juan Santiago-Del Valle. Mr. Del Valle sued Metropol Hato Rey, LLC for alleged age discrimination and the case is currently before Chief Judge Gustavo A. Gelpí. See Santiago-Del Valle v. Metropol Hato Rey, LLC, Civil No. 18-1864 (GAG).[9]

---

[9] A careful review of the complaint in that case, submitted by Plaintiffs in support of their motion in compliance, shows that Mr. Del Valle alleges that Metropol discriminated against him and other age-protected employees by reducing their weekly hours and reassigning working stations in favor of younger or less senior employees. Mr. Del Valle not only complained to management, but also filed several administrative charges so claiming. Docket No. 13-1 ¶¶ 14-17, 20 & 26. All in all, the facts alleged in the complaints demonstrate that some of Mr. Del Valle's and Perez's individual claims arise out of similar discriminatory treatment in the same time frame (e.g., between 2010 and 2013). Id. ¶¶ 10-21.

The single-filing exception has been adopted by most circuit courts, but not the First Circuit. See Peeples v. City of Detroit, 891 F.3d 622, 632-633 (6th Cir. 2018); Arizona ex rel. Horne v. Geo Grp., Inc., 816 F.3d 1189, 1202 (9th Cir. 2016); Sheffield v. United Parcel Serv., Inc., 403 F. App'x 452, 454 (11th Cir. 2010); Ruehl v. Viacom, Inc., 500 F.3d 375, 385 (3d Cir. 2007). See also Hipp v. Liberty Nat. Life Ins. Co., 252 F.3d 1208, 1217 (11th Cir. 2001) (recognizing that the Eleventh Circuit applies the piggybacking rule to ADEA cases and discussing at length the two requirements used to do so). More than two decades ago, the First Circuit acknowledged so. See Basch v. Ground Round, Inc., 139 F.3d 6, 8 (1st Cir. 1998). On that occasion, the Court did not reach the merits of the piggybacking rule, but merely explained that "'piggybacking' permits plaintiffs who have failed to file administrative charges, or who have filed untimely charges, to 'piggyback' on the timely-filed charges of other plaintiffs, provided the timely-filed charge gives the EEOC and the employer adequate notice of allegations of class-wide discrimination." Id. at 8-9 (citing, *inter alia,* Grayson v. K Mart Corp., 79 F.3d 1086, 1101-02 (11th Cir. 1996); Howlett v. Holiday Inns, Inc., 49 F.3d 189, 194 (6th Cir. 1995)).

In Greene v. City of Bos., 204 F. Supp. 2d 239, 242 (D. Mass. 2002), the district court of Massachusetts discussed the adoption of the piggybacking rule in other circuits, as well as the different tests used to determine whether an administrative charge suffices to allow piggybacking by non-filing plaintiffs. Yet, the district court declined the plaintiffs' invitation to allow them to piggyback their Title VII race discrimination claims onto that brought by police officer who satisfied administrative exhaustion requirement, concluding that no allegation of class discrimination was apparent of the face of that filing, so as to give

investigating agency notice that the filing officer was potentially speaking for class of similarly situated officers. Id.

Like the district court in Greene, this court believes that any inclination to adopt the single filing exception in our circuit would require that the administrative charge of the filing plaintiff at least contain intimations of class-wide discrimination. There are none here.[10] Importantly, the First Circuit requires and strictly enforces administrative exhaustion requirements when exhaustion is mandated by statute, as is the case with the ADEA or Title VII. See, e.g., Rodriguez v. United States, 852 F.3d 67, 78-79 (1st Cir. 2017); Vazquez-Rivera v. Figueroa, 759 F.3d 44, 47-48 (1st Cir. 2014); Portela-Gonzalez v. Secretary of the Navy, 109 F.3d 74, 77 (1st Cir. 1997). And the fact remains that First Circuit precedent binds this court unless and until the First Circuit holds otherwise. Unfortunately for Plaintiffs, this means that there is no statutory basis, Supreme Court or First Circuit decision on this point of law (that is, piggybacking) for adopting their proposed exception to the ADEA's

---

[10] However, the similarities between the individual claims asserted by Perez and Mr. Del Valle could pass muster under the less stringent standards or tests applied by other circuits that have adopted the single filing rule. Supra, note 11.

For a general discussion of all the tests, see: Tolliver v. Xerox Corp., 918 F.2d 1052, 1057-58 (2d Cir. 1990)) (citing Snell, 782 F.2d at 1094; Kloos v. Carter-Day Co., 799 F.2d 397, 401 (8th Cir. 1986); Naton v. Bank of California, 649 F.2d 691, 697 (9th Cir. 1981)) (explaining three different tests applied by the Second, Eighth and Ninth Circuits, with the broadest test requiring claims to arise out of similar circumstances and time frame, a "somewhat narrower test" requiring notice of class-wide discrimination, and the narrowest test requiring that the administrative charge allege class-wide discrimination against a class and that the claimant purports to represent the class or other individuals similarly situated). See also Sheffield v. United Parcel Serv., Inc., 403 F. App'x 452, 454 (11th Cir. 2010) (quoting Calloway v. Partners Nat. Health Plans, 986 F.2d 446, 450 (11th Cir. 1993)) ("To qualify for this exception a plaintiff must show that '(1) the relied upon charge is not invalid, and (2) the individual claims of the filing and non-filing plaintiff arise out of similar discriminatory treatment in the same time frame.'"); Lusardi v. Lechner, 855 F.2d 1062, 1078 (3d Cir. 1988) (holding that original complainant's administrative charge did not have to state specifically that it was being filed on behalf of "others similarly situated," but rather, provide sufficient notice to employer that "it allegedly discriminated against persons over 40 years old as a class").

exhaustion mandate. Consequently, the court grants Defendants' motion to dismiss the ADEA claims.[11]

### Puerto Rico Law Claims

"As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit…will trigger the dismissal without prejudice of any supplemental state-law claims." Gonzalez–De–Blasini v. Family Dept., 377 F.3d 81, 89 (1st Cir. 2004) (quoting Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995)). See also 28 U.S.C. § 1367(c)(3). Due to the dismissal of Plaintiffs' ADEA claims, the court finds that supplemental jurisdiction over the Puerto Rico law claims is no longer appropriate. Accordingly, the court dismisses without prejudice the age discrimination and tort claims brought under Puerto Rico Law 100 and Articles 1802 and 1803 of the Puerto Rico Civil Code.

### III. CONCLUSION

Because Perez failed to exhaust his administrative remedies before filing this suit, the court dismisses the ADEA claims without prejudice. At this juncture, the court declines to exercise supplemental jurisdiction over Plaintiffs' Puerto Rico law claims and dismisses them without prejudpice. Judgment dismissing this case will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, May 22, 2019.

S/ JUAN M. PÉREZ-GIMÉNEZ

**JUAN M. PEREZ-GIMENEZ
SENIOR U.S. DISTRICT JUDGE**

---

[11] As a final matter, the court finds that Plaintiffs failed to address Defendants' contention that the ADEA claims are time-barred, notwithstanding the court's show cause order.